IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Eric L. Kelly | ) | |
| --- | --- | --- |
| (44893-424), | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 14 C 50061 |
| | ) | |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| City of Rockford, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff has responded to the Court's show cause order, the show cause order is discharged. The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as barred by *res judicata* and as a malicious. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The case is terminated. Plaintiff's motion disqualify the judge [7] is denied.

## STATEMENT

Plaintiff, Eric L. Kelly, a prisoner at the Metropolitan Correctional Center, filed a lawsuit in February 2014, in the Winnebago County Circuit Court. Plaintiff alleges that the Defendants used excessive force while arresting Plaintiff on April 6, 2012. The Defendants have timely removed the matter to this Court. Plaintiff had previously filed suit in federal court, *Kelly v. City of Rockford*, Case No. 13 C 50371 (Reinhard, J.), in November 2013. That matter was dismissed on January 27, 2014, based on Plaintiff's failure to properly respond to the court's show cause order and due to the multiple falsehoods contained in Plaintiff's complaint based on the court records in Plaintiff's criminal case based on the arrest, *United States v. Kelly*, Case No. 12 cr 50049 (Kapala, J.). That dismissal is presently on appeal in the Seventh Circuit Court of Appeals, No. 14-1268.

On March 21, 2014, Plaintiff was ordered to show cause in writing why the instant matter should be dismissed under the doctrine of *res judicata*. Plaintiff has responded to the Court's show cause order and has submitted a motion to disqualify the judge.

In his response to the Court's show cause order, Plaintiff essentially states that he does not really know how to respond and he appears to dispute the dismissal of his previously-filed case. None of the arguments demonstrate that the instant matter should not be dismissed because the claims are not barred by *res judicata*.

The doctrine of *res judicata* bars relitigation of claims that were already decided by a court of competent jurisdiction. Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *See, e.g., San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 545 U.S. 323, 336 (2005); *Cole v. Board of Trustees of University of Illinois*, 497 F.3d 770, 772 (7th Cir. 2007). *Res judicata* applies when (1) there has been a final judgment on the merits in an earlier action, (2) there is an identity of parties or privies in the two suits, and (3) there is an identity of the causes of action in the two suits. *Ross v. Bd. of Educ. of Twp. High Sch., Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007).

*Res judicata* bars the instant complaint. There was a final judgment on the merits in the earlier action, there is an identity of parties or privies in the two suits, and there is an identity of the causes of action in the two suits. Accordingly, the matter is dismissed as barred by the doctrine of *res judicata*.

Furthermore, the Court finds that filing the instant matter, against the same individuals based on the same conduct immediately after the same lawsuit was dismissed in federal court and after he filed a notice appeal in the previous case, constitutes malicious litigation. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (a malicious claim is generally construed as intended to harass); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (multiple lawsuits that duplicate the same allegations constitute malicious claims); *Garland v. O'Grady*, Case No. 88 C 8281, 1998 WL 118879 (N.D. Ill. Nov. 3, 1998) (Conlon, J.) (duplicative litigation constituted malicious litigation).

Plaintiff has also moved to disqualify the judge in this matter, arguing that he did not receive "fair treatment" from the judge in his criminal matter.

The court reviews plaintiff's accusation of bias pursuant to 28 U.S.C. § 144. Title 28 U.S.C. §144 states that a party may file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party [and] such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding;" *see also United States v. Sykes*, 7 F.3d 1331, 1338 n.10 (7th Cir. 1993). A plaintiff must set forth "sufficient facts and reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144; *United States v. Sykes*, 7 F.3d 1331, 1338-1339 (7th Cir. 1993). The alleged bias must be personal, resulting from an extra-judicial source. *Sykes*, 7 F.3d at 1339. Simple conclusions, opinions or rumors are insufficient. *Id.* The mere fact that the plaintiff has disagreed with past court decisions does not warrant recusal. Bias cannot be inferred simply from adverse rulings. *Adkins v. C.I.R.*, 875 F.2d 137, 142 (7th Cir. 1989). "Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it in for the party for reasons unrelated to the officer's view of the law. . . ." *Keith v. Barnhart*, 473 F.3d 782, 789 (7th Cir. 2007).

Here, Plaintiff seeks his matter be reassigned to another judge based on the allegation that he did not receive fair treatment by the judge in his criminal case. Plaintiff offers no support for his general allegation of bias. Plaintiff's conclusory allegation of not receiving fair treatment in a different matter is insufficient to demonstrate bias. *Sykes*, 7 F.3d at 1339; *Keith*, 473 F.3d at 789.

Based on the above, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as barred by *res judicata* and as a malicious. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motion to disqualify is denied.

If Plaintiff wishes to appeal this final order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). Plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

Date: April 21, 2014